Case 15-2801, Document 210, 03/01/2016, 1716117, Page1 of 21

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 15-3228(XAP),15-2801 (L),15-2805(Cons)

Caption [use short title]

**Motion for:** Motion to reconsider with hearing en banc on Mar. 3, 2016 per Fed.R.App.Pr. 35 for two motions denied Feb. 26, 2016.

National Football League Management Council ("NFLMC")

v.

National Football League Players' Association ("NFLPA")

Set forth below precise, complete statement of relief sought:

Relief is sought by and for Pro Se party to correct procedural Orders with review by Justices, en banc, of: i) denied argument time for Appellant on Mar. 3, 2016; ii) denied request for certain reasonable accommodation under the ADA to comport to this Court and Supreme Court precedent and statutory rights, and iii) grant contemporaneous hearing on open motions in 15-2801 / 15-3228.

U.S. COURT OF APPEALS SECOND CIRCUIT 2016 MAR -1 PM 3:26

**MOVING PARTY:** Michelle L. McGuirk, Appellant, Pro Se

☐ Plaintiff ☐ Defendant
☑ Appellant/Petitioner ☐ Appellee/Respondent

**OPPOSING PARTY:** NFLPA as Appellee and NFLMC as Appellant

**MOVING ATTORNEY:** n/a; Pro Se party

**OPPOSING ATTORNEY:** Jeffrey Kessler and Paul Clement (leads)

[name of attorney, with firm, address, phone number and e-mail]

Michelle L. McGuirk
P.O. Box 369, New York, N.Y. 10113-369
(646) 662-5241; [michelle_mcguirk@yahoo.com]

c/o Winston & Strawn, L.L.P., 200 Park Avenue, New York NY 10166
(212)294-4698;[jkessler@winston.com][pclement@bancroftpllc.com]
c/o Bancroft PLLC,500 New Jersey Ave.,Suite 700,Wash DC 20001

Court-Judge/Agency appealed from: U.S. District Court, S.D.N.Y., Hon. Richard M. Berman, Case 15-cv-5916

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has request for relief been made below? ☐ Yes ☑ No
Has this relief been previously sought in this Court? ☑ Yes ☐ No
Requested return date and explanation of emergency: Return by Mar. 10, 2016

Expedited Request to ensure compliance with F.R.A.P. 35, this Court and Supreme Court precedent, constitutional and statutory authority. Earlier feedback is appreciated to prepare en banc review of open motions. Denial by Order requires Justices to review merits.

Is oral argument on motion requested? ☑ Yes ☐ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☑ Yes ☐ No If yes, enter date: March 3, 2016

**Signature of Moving ~~Attorney~~:** Pro Se Party
Michelle L. McGuirk **Date:** Feb. 29, 2016

Service by: ☐ CM/ECF ☑ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

Docket #:15-3228 cv (XAP)

------------------------------------------------------------------x

NATIONAL FOOTBALL LEAGUE
MANAGEMENT COUNCIL,
Plaintiff-Counter-Defendant-Appellee,

- v. -

NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, on its own behalf and Tom Brady
Defendant-Counter-claimant

TOM BRADY, Counter-claimant

MICHELLE L. MCGUIRK, Appellant

------------------------------------------------------------------x

MOTION TO
RECONSIDER *EN BANC*

Related: 15-2801 cv (L)
15-2805 cv (Cons)

**PLEASE TAKE NOTICE** that upon the Petition of Michelle McGuirk, *pro se* Appellant, copy of Orders dated Feb. 23, 2016 denying reasonable accommodation and argument time, and prior pleadings per Fed.R.Appl.Pr. 27(a)(2)(iii), movant seeks expedited relief for reconsideration *en banc* on **Wed. Mar. 3, 2016**, the date for argument in case 15-2801, per **Fed.R.App.Pr. 35** with active Justices of the U.S. Court of Appeals for the Second Circuit, at Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, N.Y. 10007, with return filings to Office of the Clerk due **March 10, 2016** at 10:00 a.m. or as the Court orders, with expedited relief sought to:

1. Reconsider relief per Motion to Allocate Time for Oral Argument (Dkt#197):
2. Reconsider relief per Motion for ADA Request for Oral Argument (Dkt#195);
3. Grant contemporaneous hearing on motions *en banc* in 15-2801 and 15-3228.

WHEREFORE, movant seeks relief per Rules in good faith and not for undue delay.

**Dated: February 29, 2016**

**New York, New York**

Michelle L. McGuirk, Appellant *Pro Se*
P.O. Box 369 New York,NY 10113-369

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**15-3228 cv (XAP)**

----------------------------------------------------------------x

**NATIONAL FOOTBALL LEAGUE MANAGEMENT COUNCIL,**
**Plaintiff-Counter-Defendant-Appellee,**

**- v. -**

**NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION,** on its own behalf and Tom Brady
**Defendant-Counter-claimant**

**Related Cases: 15-2801 (L)**
**15-2805 (Cons)**

**TOM BRADY, Counter-claimant**

**MICHELLE L. MCGUIRK, Appellant**

----------------------------------------------------------------x

***PRO SE* PETITION:**

**IN SUPPORT OF A MOTION FOR RECONSIDERATION *EN BANC***

**BY**
**MICHELLE L. MCGUIRK, APPELLANT**[1]

**Michelle L. McGuirk, CFA**
**Appellant, *Pro Se***
**P.O. Box 369, New York, NY 10113-0369**
**Ph: (646) 662-5241;**
**michelle_mcguirk@yahoo.com**

[1] © Michelle L. McGuirk, 2016. All rights reserved. Other than limited permission to the U.S. Court of Appeals for the Second Circuit pursuant to Local Rules, I do not authorize any attorney/person to distribute, redistribute or copy my intellectual property or work product.

**TABLE OF CONTENTS** **PAGE(s)**

TABLE OF CONTENTS....................................................2

TABLE OF AUTHORITIES, STATUTES, LAWS and RULES....................................................2

PRELIMINARY STATEMENT, FACTUAL AND PROCEDURAL BACKGROUND.5

CLAIMS IN CONTROVERSY....................................................6

RELEVANT STATUTES, LAWS and RULES....................................................7

ARGUMENT 1 – Denied Procedural Due Process....................................................7

ARGUMENT 2 – Denied Equal Protection....................................................10

CONCLUSION....................................................14

**TABLE OF AUTHORITIES**

**CASES** PAGE

*Bell v. Hood*, 327 U.S. 684, 66 S.Ct. 777; 90 L.Ed. 939 (1946)....................................................9

*Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388,396-7, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)....................................................8

*Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356,363-4 (2001)....................................................10

*Bragdon v. Abbott*, 524 U.S. 624, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998)....................................................12

*Brault v. Town of Milton*, 527 F. 2d 730 (1975)....................................................8

*City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789,810 (1984)......14

*Clark, Secretary of the Interior, et. al. v. Community for Creative Non-Violence, et. al.*, 468 U.S. 288 (1984)....................................................13

*DeHart v. Horn, Commissioner of Corrections, et. al.*, 227 F.3d 47 (2000)....................................................9

*Fulton v. Comm. Goord, Department of Corr. Services, et.al*, 591 F.3d 37 (2009)...11

*Graham v. Correctional Sargeant Lewinski, et. al.*, 848 F.2d 342 (1988)....................................................2

*Herring v. New York*, 422 U.S. 853 (1975), 419 U.S. 893....................................................9

## TABLE OF AUTHORITIES (Cont.)

**CASES** PAGE

*Innovative Health Sys., Inc. v. City of White Plains*, 117 F.3d 37,47 (2d Cir.1997).12

*Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72,77, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991)....12

*Lewis v. Faulkner*, 689 F.2 100,102 (7th Cir.1982)....13

*Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459, 463 (1947)....11

*Maggette v. Daisheim*, 709 F.2d 800,802 (2d Cir.1983)....12

*Marbury v. Madison*, 1 Cranch 137,163, 2 L.Ed.60 (1803)....9

*Meritor Savings Bank, FSB, v. Vinson, et. al.*, 477 U.S. 57 (1986); 243 U.S. App.D.C. 327, 753 F.2d 141 (1985)....14

*Rogers v. EEOC*, 454 F.2d 234 (CA5 1971)....3

*Staron v. McDonald's Corp.*, 51 F.3d 353,356 (2d Cir.1995)....12

*Tennessee v. Lane*, 541 U.S. 533-4 (2004)....3

*Textile Mills Corp. v. Commissioner*, 314, U.S. at 334-5....8

*U.S. v. American-Foreign Steamship Corp., et. al.*, 363 U.S. 685 (1960), 265 F.2d 136,155; 361 U.S. 861....3

*U.S. v. Georgia, et. al.*, 546 U.S. 151 (2006)....10

**STATUTES, LAWS and RULES**

16 U.S.C. §§1,1a-1,3....13

28 U.S.C. §46(c)....3

42 U.S.C. §1983....8,9,10,12

45 Fed.Reg. 74676 (1980)....14

42 U.S.C. §2000e, *et. seq.,* Civil Rights Act of 1964, Title VII....10,14

42 U.S.C. §12101, *et seq,* Americans with Disabilities Act of 1990 ("ADA")....5,6,7,12

**STATUTES, LAWS and RULES (Cont.)**

PAGE

42 U.S.C. §12131 *et seq*, ADA, Title II, 104 Stat. 337........................................10

42 U.S.C. §12132, *et seq,* Americans with Disabilities Act of 1990......................11

42 U.S.C. §12202, *et seq,* Americans with Disabilities Act of 1990..................10,11

California Dept. of Justice, A.G. Comm. on Disability:Final Report 103, Dec.1989.11

Fed.R.App.Pr. 34(e)..............................................................................5

Fed.R.App.Pr. 34(1)..............................................................................7

Fed.R.App.Pr. 35(a)(1)..........................................................................7

Fed.R.App.Pr. 35(a)(2)..........................................................................7

Fed.R.App.Pr. 32(c)(2)..........................................................................7

Fed.R.App.Pr. 35(c)..............................................................................7

Fed.R.App.Pr. 40(a)(1)..........................................................................7

Fed.R.Civ.Pr. 12(b)(6)..........................................................................8

Fed.R.App.Pr. 34(a)(1)..........................................................................6

Fed.R.App.Pr. 34(a)(2)..........................................................................6

Fed.R.Civ.Pr. 56(e)..............................................................................13

Fed.R.Civ.Pr. 60..................................................................................9

Local Rule 45.1.....................................................................................5

New York Criminal Procedural Law §320.20(3)(c)..........................................9

U.S. Constitution, First Amendment.......................................................9,13

U.S. Constitution, Eighth Amendment......................................................11

U.S. Constitution, Eleventh Amendment.................................................10,12

U.S. Constitution, Fourteenth Amendment.............................................7,8,9,11

**PRELIMINARY STATEMENT**

1. This supports reconsideration *en banc* on relief denied for argument and reasonable accommodation by which statutory rights per the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*, ("ADA') and constitutional rights of *pro se* parties were overlooked, presenting issues of extraordinary importance for those with disabilities as Orders conflict with this Court's and Supreme Court precedent.

2. I incorporate prior pleadings including McGuirk Special Appendix [MSA1-MSA38-2] and Memorandum of Law in Support of Time Allotment for Oral Argument (Dkt#197;15-2801) with Facts, Parties, Claims and Statutes and Laws.

**FACTUAL AND PROCEDURAL BACKGROUND**

3. I filed Notice of Appearance on Oct. 29, 2015 (Dkt#29,15-3228; Dkt#85, 15-2801). An Appellant is required to appear at argument per Fed.R.App.Pr. 34(e).

4. I submitted a Motion to Allocate Time for Oral Argument on Feb. 21, 2016 (Dkt#197) that was allegedly denied via Feb. 23, 2016 Order by Clerk of Court (Dkt#201). Such Order was added to 15-3228 (Dkt#92), while motion was not added.

5. ¶4 is a procedural order per Local Rule 45.1 not by a Justice, fails to state *Pro Se* party, State of New York, my full name, or applicability to 15-3228.

6. I submitted a Motion for ADA Request for Oral Argument on Feb. 21, 2016 (Dkt#195) that was allegedly denied via Feb. 23, 2016 Order by Clerk of Court (Dkt#202). Such Order was added to 15-3228 (Dkt#93), while motion was not added.

7. ¶6 is procedural order per Rule 45.1 not by a Justice, fails to state *Pro Se* party, ADA statute, State of New York, my full name or if it applies to 15-3228.

8. On Feb. 25, 2016, the National Football League Players' Association ("NFLPA") filed a letter with the Court in lead 15-2801 (Dkt#199), 15-2805 and cross-appeal 15-3228 (Dkt#95) stating it confirmed with a Court Deputy to reserve premier seating and entry on Mar. 3, 2016 for thirteen attorneys at argument, only four which filed Notice of Appearance to comply with Rules of Professional Conduct.

9. The presumed preferential seating and entry á la Mr. Johnson's letter (¶7) is not via motion, appearance, *pro hac vice*, ADA request or any stated rule.

10. On Mar. 3, 2016, the Court has eight active Justices for proceedings, Hons. Katzmann, Parker, Chin, Lohler, Droney, Cabranes, Livingston and Lynch.

11. Part B.3 of Second Circuit Guidelines Concerning Cameras in Court states no camera coverage or, *ipso facto*, other electronic devices in *pro se* matters.

**CLAIMS IN CONTROVERSY**

12. ¶4 infers I followed Fed.R.App.Pr. 34(a)(1) in filing cause for argument.

13. ¶5 does not comport with Fed.R.App.Pr. 34(a)(2) which requires three justices to unanimously agree no argument is needed for case as record is sufficient.

14. Similar to facts raised in my cross-appeal, ¶7 lacks proof of authority per Local Rule 34.1(b) to make statute-related decisions and denies due process.

15. ¶5 and ¶7 infer Term was held Feb. 23, 2016 despite none on calendar.

16. ¶5 and ¶7 deeply subordinate and denigrate *pro se* rights despite fees and filings (Dkt#197,Affid.¶1-2,14), subverting constitutional right of equal access.

17. ¶8 infers that I, Tom Brady and Roger Goodell are denied Court seats.

18. ¶10 infers healthy motive for *en banc* panel as my health deteriorates.

**RELEVANT STATUTES, LAWS & RULES**

19. Fed.R.App.Pr. 34(1) applies to oral argument statements. Requests to reconsider or rehear *en banc* per 35(a)(1) and (2) are to ensure uniformity and for questions of exceptional importance. Filings must comply with 32(c)(2) form and be within fourteen days of Orders per 35(c), 40(a)(1), but need not comply with 32(a)(7).

20. The Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq* ("ADA") covers reasonable accommodation to ensure Court services are not denied.

21. Specific issues of appeal are rights to procedural due process, privacy and equal protection per Fifth and Fourteenth Amendments to U.S. Constitution.

**ARGUMENT 1 – Denied Procedural Due Process**

In *U.S. v. American-Foreign Steamship Corp., et. al.*, 363 U.S. 685 (1960) the Supreme Court confirmed procedural due process for *en banc* hearings, verifying Judicial Code for the Court of Appeals says "[c]ases and controversies shall be heard and determined by a court or division of not more than three judges, unless a hearing or rehearing before the court in banc is ordered by a majority of the circuit judges who are in active service" and "[a] court in banc shall consist of all active circuit judges of the circuit". 28 U.S.C. §46(c). Id 686. This Court granted one rehearing *en banc*, remanding to the district court where its dissenting opinion referred to a retired judge's eligibility to participant in *en banc* decisions. Id 687. A second rehearing had two judges highlighting "participation in *en banc* proceeding was precluded by the plain language of the controlling statute". 265 F.2d 136,155. The writ for certiorari was "granted to consider a question of importance to the

Court of Appeals in the administration of their judicial business". 361 U.S. 861. Id 687. The Supreme Court stated "*[e]n banc* courts are the exception, not the rule. They are convened only when extraordinary circumstances exist that call for authoritative consideration and decision by those charged with administration and development of the law of the circuit". Id 689. Benefits of *en banc*...include "[f]inality of decisions" and "to maintain integrity and ...secure uniformity and continuity in its decisions", especially since "these courts are the courts of last resort in the run of ordinary cases". *Textile Mills Corp. v. Commissioner*, 314, U.S. at 334-5, Id at 690, and "if the statute is to be changed, it is for Congress, not for us, to change it". Id 691. Individual acts, whether intentional or not, pose great risks to the Court, subordinating *pro se* rights by violating fair and equitable due process. My Affidavits pointed out errors that tarnish the record, break Fed.R.App.Pr. and Rules and defy authority, leaving unsavory acts for Justices to disentangle.

In *Brault v. Town of Milton*, 527 F. 2d 730 (1975), this Court held rehearing *en banc* on alleged infringement of property rights by a municipality under the Due Process Clause of the Fourteenth Amendment. The Court affirmed adequate cause of action after a Fed.R.Civ.Pr. 12(b)(6) dismissal and one-sentence order stating 42 U.S.C. §1983 does not authorize a suit as a "municipality is not a 'person' for purposes of the statute's designation of potential defendants" Id 732. This Court quoted *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388,396-7, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) as "it is...well settled that where legal rights have been invaded, and a federal statute provides for a general right to

sue for such invasion, federal courts may use any available remedy to make good the wrong done." *Bell v. Hood*, 327 U.S. 684, 66 S.Ct. 777; 90 L.Ed. 939 (1946) emphasizing "[t]he very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury". *Marbury v. Madison*, 1 Cranch 137,163, 2 L.Ed.60 (1803). Id 734. My intervening per Fed.R.Civ.Pr. 60 as *pro se* party to avoid risk of fraud-on-the-court gives no cause to discount claims of the Commissioner's alleged lack of authority based on Hon. Berman's one-sentence Order, as *en banc* reviews have been granted.

In *DeHart v. Horn, Commissioner of Corrections, et. al.*, 227 F.3d 47 (2000), plaintiff appealed the district court's dismissal on summary judgment for claims per 42 U.S.C. §1983. The Court of Appeals for the Third Circuit reversed on failure of Pennsylvania's State Correctional Institute to accommodate religious beliefs with a vegan diet that violated First Amendment rights to free religious expression and Fourteenth Amendment rights to equal protection of the law. Id 49. Upon rehearing *en banc,* the panel decision was vacated and remanded to the district court. While external to this Circuit, it highlights issues considered of extraordinary importance to the judiciary of an incarcerated party that included a cost/benefit analysis. Here, my time, filing and production fees, at a minimum, seek fair procedures in return.

In *Herring v. New York*, 422 U.S. 853 (1975), a New York law permitting judges the power to deny counsel opportunity to make a summation of the evidence in non-jury criminal trials [N.Y. Crim.Proc. Law §320.20(3)(c)] was deemed to be unconstitutional after a conviction of robbery in Supreme Court of New York was

affirmed by the Appellate Division and denied leave by a Court of Appeals. Justice Rehnquist wrote for the majority on "probable jurisdiction", 419 U.S. 893, Id 856, confirming "[t]he very premise of our adversary system of criminal justice system is...the guilty be convicted and the innocent go free", Id. 862, with "no justification that empowers a trial judge to deny absolutely the opportunity for any closing summation at all", denting the right "under authority of its statute, [the plaintiff] was denied assistance of counsel that the Constitution guarantees", Id 865. The Supreme Court ventured where New York's highest court declined to go on matters for a complete record, similar to this case. With motions unopposed except for Mr. Tulumello, it infers counsels made informed choice to avoid argument on the merits.

**ARGUMENT 2 – Denied Equal Protection of Laws**

In *U.S. v. Georgia, et. al.*, 546 U.S. 151 (2006), a disabled inmate sued the State of Georgia for damages per Title II of the ADA, 104 Stat. 337, 42 U.S.C. §12131 et seq, (§2000e.,Supp.II), which provides that "[a] State shall not be immune under the Eleventh Amendment...from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter", §12202, Id 154, noting Congress' intent to abrogate sovereign state immunity. See *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356,363-4 (2001). Plaintiff, as a paraplegic inmate alleged serious denial of rights, with the district court dismissing §1983 claims without opportunity to amend complaint. Id 155. The U.S. intervened at the Court of Appeals, Eleventh Circuit, to defend the constitutionality of Title II's abrogation of state sovereign immunity, with Supreme Court grant of certiorari "to consider

whether Title II of the ADA validly subrogates immunity" 544 U.S. 1031 (2005), noting "it is quite plausible...alleged deliberate refusal by prison officials to accommodate Plaintiff's disability-related needs" was "exclu[sion] from participation in or...deni[al] of the benefits of" the prison "services, programs or activities". 42 U.S.C. §12132. The Court concluded error in dismissing Title II claims and "money damages against the State under Title II were evidently based, at least in part, on conduct that independently violated provisions of §1 of the Fourteenth Amendment. See *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459, 463 (1947)(plurality opinion)(Due Process clause incorporates Eighth Amendment guarantee against cruel and unusual punishment). Id 157. Justice Ginsburg's concurring opinion noted the California Dept. of Justice, A.G.'s Commission on Disability: Final Report 103 (Dec. 1989) that found inmates were unnecessarily "confined to medical units where access to work, job training, recreation and rehabilitation programs is limited". Mr. Clement noted the record of mistreatment of prison inmates that Congress reviewed preceding Title II was comparable to the record [the Supreme Court] held sufficiently applicable to all cases implicating fundamental right of access to the Courts for those with disabilities. *Tennessee v. Lane*, 541 U.S. 533-4 (2004). Id. 162. Being denied the opportunity to argue with Justices' questions in advance to avoid undue stress on my precarious health condition conflicts with such Supreme Court precedent on right of access to Court services for all those with disabilities.

In *Fulton v. Commissioner Goord, Department of Correctional Services, et.al*, 591 F.3d 37 (2009), this Court affirmed the district court was misguided in ignoring

broader claims whether a disability could be accommodated as a *pro se* litigant to participate in the [DOCS] visiting program for her incarcerated husband, noting "standing is gauged by the specific common-law, statutory or constitutional claims that a party presents". *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72,77, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991). Id 41. With breadth of ADA provisions, "we have held that such are not subject to any of the prudential limitations on standing that apply in other contexts". See *Innovative Health Sys., Inc. v. City of White Plains*, 117 F.3d 37,47 (2d Cir.1997). Id. 42. It was remanded with view plaintiff may prevail if Eleventh Amendment immunity was abrogated or waived, Id 45. 'Reasonable' was deemed relational to desirability of accommodation to the consequences it will produce, which is a "case-by-case inquiry". *Staron v. McDonald's Corp.*, 51 F.3d 353,356 (2d Cir.1995). Id 44. This Court already lent support to requests per ADA's broad swath implicating statutory and constitutional rights, with the Supreme Court verifying my disability in *Bragdon v. Abbott*, 524 U.S. 624, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998), knowledge the Court should have.

In *Graham v. Correctional Sargeant Lewinski, et. al.*, 848 F.2d 342 (1988), this Court emphasized the special solicitude afforded to *pro se* litigants, applies to *pro se* prisoners as well. *Maggette v. Daisheim*, 709 F.2d 800,802 (2d Cir.1983). Id 344. The 42 U.S.C. §1983 action by an inmate at Attica Correctional Facility alleged officials violated his constitutional rights by assault, subjecting him to racial slurs and denying medical care. Id 342. Dismissal on summary judgment was claimed "uncontradicted" despite a complaint made under penalty of perjury and no alleged

receipt by plaintiff of summary judgment rules. This Court vacated and remanded stating "it is unrealistic to impute to a prison inmate...an instinctual awareness that the purpose of summary judgment is to head off a full-scale trial...so that not submitting counter-affidavits is the equivalent of not presenting any evidence at trial". *Lewis v. Faulkner*, 689 F.2 100,102 (7th Cir.1982). Id 344. Rule 56(e) and Local Rules serve "to create and orderly procedure for abundant prisoner summary judgment motion practice" and requires notice of consequences of no reply. Id 345. This Court again wisely demonstrated jurisprudence toward *pro se* party whose health was involuntarily compromised, affording special solicitude on filing duties. Feb. 23, 2016 Orders denying argument and questions in advance directly conflicts with precedent, in spite of my disclosures of recent discovery of deteriorated disease.

In *Clark, Secretary of the Interior, et. al. v. Community for Creative Non-Violence, et. al.*, 468 U.S. 288 (1984), the Court held that a regulation disallowed protestors from sleeping in "symbolic tents" at Lafayette Park and the Mall who sought to bring attention to the homeless did not violate First Amendment rights after the Court of Appeals sitting *en banc* reversed a summary judgment, declaring an infringement of demonstrators' right of free expression. Id 292. As the National Park Service is authorized to issue rules and regulations to manage parks for "purposes for which they were established" 16 U.S.C. §§1,1a-1,3, Id 290, the Court held "if the parks would be more exposed to harm without the sleeping prohibition than with it, the ban is safe from invalidation under the First Amendment as a reasonable regulation" and "responds precisely to substantive problems", *City*

*Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789,810 (1984). Id 297. Though Court staff likely cannot relate to horrific treatment and overwhelming fears for five diagnosis and seven occurrences of disease, I must not be penalized for properly applying the law to shield me from prejudged views of my capabilities.

In a Title VII complaint of workplace harassment per the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.*, *Meritor Savings Bank, FSB, v. Vinson, et. al.*, 477 U.S. 57 (1986) the district court found no violation, declaring the bank not liable for alleged acts as "it was without notice". The Court of Appeals, District of Columbia, reversed and remanded as the "grievance was clearly of the [hostile environment] type", 243 U.S. App.D.C. 327, 753 F.2d 141 (1985), Ibid 62, stating the employer is "absolutely liable". Id 63. *En banc* hearing was denied, with grant of certiorari [474 U.S. 1047 (1985)] which affirmed and remanded, calling a "hostile environment" actionable as a right to work...free from discriminatory intimidation, ridicule and insult". 45 Fed.Reg. 74676 (1980). *Rogers v. EEOC*, 454 F.2d 234 (CA5 1971). Id 65. Supreme Court focus without *en banc* review infers adjudication must be respected. This paints a broad portrait that environments such as this Court must reject hate speech (gender or disability-related) made by licensed attorneys using electronic devices as it can foreseeably incite harm toward parties and witnesses in this case.

## CONCLUSION

I respectfully seek *en banc* review per statutes, precedent and exceptional issues.

**Dated: February 29, 2016**

Michelle J McGuirk Feb. 29, 2016

**Michelle McGuirk, *Appellant Pro Se***
**P.O. Box 369,New York,NY 10113-369**

**UNITED STATES COURT OF APPEALS**
**FOR THE**
**SECOND CIRCUIT**

---

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand and sixteen,

---

National Football League Management Council,

Plaintiff-Counter-Defendant - Appellant,

National Football League,

Defendant - Appellant,

v.

National Football League Players Association, on its own behalf and on behalf of Tom Brady,

Defendant-Counter-Claimant - Appellee,

Tom Brady,

Counter-Claimant - Appellee,

Michelle McGuirk,

Appellant.

**ORDER**
Docket No. 15-2801

---

IT IS HEREBY ORDERED that Pro Se Appellant's motion to be allocated time for oral argument is DENIED.

For The Court:
Catherine O'Hagan Wolfe,
Clerk of Court



**UNITED STATES COURT OF APPEALS**
**FOR THE**
**SECOND CIRCUIT**

---

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand and sixteen,

---

National Football League Management Council,

Plaintiff-Counter-Defendant - Appellant,

**ORDER**
Docket No. 15-2801

National Football League,

Defendant - Appellant,

v.

National Football League Players Association, on its own behalf and on behalf of Tom Brady,

Defendant-Counter-Claimant - Appellee,

Tom Brady,

Counter-Claimant - Appellee,

Michelle McGuirk,

Appellant.

---

IT IS HEREBY ORDERED that Pro Se Appellant's motion requesting reasonable accommodations is DENIED.

For The Court:
Catherine O'Hagan Wolfe,
Clerk of Court

Catherine O'Hagan Wolfe

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**Docket #:15-3228 cv (XAP)**

**NATIONAL FOOTBALL LEAGUE MANAGEMENT COUNCIL,**
**Plaintiff-Counter-Defendant-Appellee,**

\- v. -

**NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION,** on its own behalf and Tom Brady
**Defendant-Counter-claimant**

**TOM BRADY,** **Counter-claimant**

**MICHELLE L. MCGUIRK,** **Appellant**

**AFFIDAVIT OF SERVICE**

**Related: 15-2801 cv (L)
15-2805 cv (Cons)**

COURT OF APPEALS COUNTER 2 ... -1 PM 3:26

**STATE OF NEW YORK, COUNTY OF NEW YORK ss:**

I, Michelle L. McGuirk, Appellant, of full age, declare under penalty of perjury that on **February 29, 2016**, I served a: i) Motion to Reconsider *En Banc*; ii) Petition in Support of a Motion for Reconsideration *En Banc*: iii) signed Form T-1080; and iv) two Feb. 23, 2016 Orders from Clerk of Court by priority U.S. mail in postage paid envelope by official depository and exclusive custody of the U.S. Postal Service to:

| | |
|---|---|
| **Daniel L. Nash** - *Attorneys for NFLMC*<br>c/o Akin, Gump, Strauss, Hauer & Feld, LLP<br>1333 New Hampshire Avenue, NW<br>Washington, DC 20036 | **Jeffrey L. Kessler** – *Attorneys for NFLPA*<br>c/o Winston & Strawn, LLP<br>200 Park Avenue<br>New York, N.Y. 10166 |
| **Andrew S. Tulumello** – *Atty. for Tom Brady*<br>c/o Gibson, Dunn & Crutcher, LLP<br>1050 Connecticut Avenue, NW<br>Washington, DC 20036-5303 | **Gregg H. Levy** – *Attys. for Roger Goodell*<br>c/o Covington & Burling, LLP<br>One CityCenter, 850 Tenth Street, NW<br>Washington, DC 20001-4956 |
| **Paul D. Clement** – *Attorneys for NFLMC*<br>c/o Bancroft PLLC<br>500 New Jersey Avenue NW, Suite 700<br>Washington DC 20001 | |

**Sworn to before me this** 1st **day of** March**, 2016.**

Margaret A. Schwartz

**Notary Public**

MARGARET A. SCHWARTZ
Notary Public, State of New York
Reg. No. 04SC6152068
Qualified in New York County
Commission Expires Aug. 23, 2018

**Dated:** March 1st, **2016**

Michelle L. McGuirk

**Michelle L. McGuirk, Appellant *Pro Se***
**P.O. Box 369,New York,NY 10113-369**

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**Docket #:15-3228 cv (XAP)**

-------------------------------------------------------------------x

**NATIONAL FOOTBALL LEAGUE MANAGEMENT COUNCIL,**
**Plaintiff-Counter-Defendant-Appellee,**

- v. -

**NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION,** on its own behalf and Tom Brady
**Defendant-Counter-claimant**

**TOM BRADY,** **Counter-claimant**

**MICHELLE L. MCGUIRK,** **Appellant**

-------------------------------------------------------------------x

**AFFIDAVIT OF SERVICE**

**Related: 15-2801 cv (L)**
**15-2805 cv (Cons)**

**STATE OF NEW YORK, COUNTY OF NEW YORK ss:**

I, Michelle L. McGuirk, Appellant, of full age, declare under penalty of perjury that on **February 29, 2016**, I served a: i) Motion to Reconsider *En Banc*; ii) Petition in Support of a Motion for Reconsideration *En Banc*: iii) signed Form T-1080; and iv) two Feb. 23, 2016 Orders from Clerk of Court by priority U.S. mail in postage paid envelope by official depository and exclusive custody of the U.S. Postal Service to:

| | |
|---|---|
| **Daniel L. Nash** - *Attorneys for NFLMC*<br>c/o Akin, Gump, Strauss, Hauer & Feld, LLP<br>1333 New Hampshire Avenue, NW<br>Washington, DC 20036 | **Jeffrey L. Kessler** – *Attorneys for NFLPA*<br>c/o Winston & Strawn, LLP<br>200 Park Avenue<br>New York, N.Y. 10166 |
| **Andrew S. Tulumello** – *Atty. for Tom Brady*<br>c/o Gibson, Dunn & Crutcher, LLP<br>1050 Connecticut Avenue, NW<br>Washington, DC 20036-5303 | **Gregg H. Levy** – *Attys. for Roger Goodell*<br>c/o Covington & Burling, LLP<br>One CityCenter, 850 Tenth Street, NW<br>Washington, DC 20001-4956 |
| **Paul D. Clement** – *Attorneys for NFLMC*<br>c/o Bancroft PLLC<br>500 New Jersey Avenue NW, Suite 700<br>Washington DC 20001 | |

**Sworn to before me this 1st day of March, 2016.**

Margaret A. Schwartz

**Notary Public**

MARGARET A. SCHWARTZ
Notary Public, State of New York
Reg. No. 04SC6152068
Qualified in New York County
Commission Expires Aug. 23, 2018

**Dated:** March 1st, **2016**

Michelle L. McGuirk

**Michelle L. McGuirk, Appellant *Pro Se***
**P.O. Box 369,New York,NY 10113-369**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

Docket #:15-3228 cv (XAP)

-----------------------------------------------------------------x

NATIONAL FOOTBALL LEAGUE MANAGEMENT COUNCIL,
Plaintiff-Counter-Defendant-Appellee,

- v. -

NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, on its own behalf and Tom Brady
Defendant-Counter-claimant

TOM BRADY, Counter-claimant

MICHELLE L. MCGUIRK, Appellant

-----------------------------------------------------------------x

**AFFIDAVIT OF SERVICE**

Related: 15-2801 cv (L)
15-2805 cv (Cons)

COURT OF APPEALS
CENTER 2
2:25

STATE OF NEW YORK, COUNTY OF NEW YORK ss:

I, Michelle L. McGuirk, Appellant, of full age, declare under penalty of perjury that on **February 29, 2016**, I served a: i) Motion to Reconsider *En Banc*; ii) Petition in Support of a Motion for Reconsideration *En Banc*: iii) signed Form T-1080; and iv) two Feb. 23, 2016 Orders from Clerk of Court by priority U.S. mail in postage paid envelope by official depository and exclusive custody of the U.S. Postal Service to:

| | |
|---|---|
| **Daniel L. Nash** - *Attorneys for NFLMC*<br>c/o Akin, Gump, Strauss, Hauer & Feld, LLP<br>1333 New Hampshire Avenue, NW<br>Washington, DC 20036 | **Jeffrey L. Kessler** – *Attorneys for NFLPA*<br>c/o Winston & Strawn, LLP<br>200 Park Avenue<br>New York, N.Y. 10166 |
| **Andrew S. Tulumello** – *Atty. for Tom Brady*<br>c/o Gibson, Dunn & Crutcher, LLP<br>1050 Connecticut Avenue, NW<br>Washington, DC 20036-5303 | **Gregg H. Levy** – *Attys. for Roger Goodell*<br>c/o Covington & Burling, LLP<br>One CityCenter, 850 Tenth Street, NW<br>Washington, DC 20001-4956 |
| **Paul D. Clement** – *Attorneys for NFLMC*<br>c/o Bancroft PLLC<br>500 New Jersey Avenue NW, Suite 700<br>Washington DC 20001 | |

Sworn to before me this 1st day of March, 2016.

Margaret A. Schwartz
Notary Public

MARGARET A. SCHWARTZ
Notary Public, State of New York
Reg. No. 04SC6152068
Qualified in New York County
Commission Expires Aug. 23, 2018

Dated: March 1st, 2016

Michelle L. McGuirk

Michelle L. McGuirk, Appellant *Pro Se*
P.O. Box 369,New York,NY 10113-369