

March 21, 2016

United States Court of Appeals for the Second Circuit
Attn:   Hon. Chief Judge Robert A. Katzmann
        Judge Denny Chin
        Judge Barrington D. Parker
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      **Re:**   *National Football League Management Council, et al. v. National Football League Players Association, et al.*,
           **Nos. 15-2801, 15-2805, 15-3228**

Dear Chief Judge Katzmann, Judge Chin, and Judge Parker:

     I write in response to the March 17, 2016 letter of Robert Blecker, a putative *amicus curiae* in support of Appellees in the above-captioned case (his motion to participate has not yet been granted), purporting to notify the Court of various "false statements" made by Appellants' counsel during the course of this appeal. Blecker Letter 1. Mr. Blecker's letter is both procedurally improper and wholly unfounded.

     At the outset, each of the statements with which Mr. Blecker takes issue is a statement to which Appellees—the actual parties to this appeal—had more than adequate opportunity to respond in the ordinary course, both in their response brief and at oral argument. In fact, Mr. Blecker himself already had an opportunity to inform the Court of most of his professed concerns, as three of the four statements to which he objects come from Appellants' *opening* brief, which was filed well before Mr. Blecker's *amicus* brief. In our adversarial process, the issues Mr. Blecker seeks to raise are to be aired through briefing and oral argument, not through post-argument correspondence by a putative *amicus* attempting to convert disagreements with the *implications* of accurate statements into "material misstatements" in need of "correct[ing]" under "ABA Model Rule 3.3." Blecker Letter 1, 3.

     That said, Mr. Blecker's accusations are wholly unfounded as a factual matter and in all events immaterial. Mr. Blecker first suggests that Appellants misrepresented that Mr. McNally referred to himself as "the deflator" in multiple text messages to Mr. Jastremski. Blecker Letter 1. But it is Mr. Blecker's selective quotation, not the actual statement in Appellants' brief, that is misleading. In his quotation of the critical statement that he alleges to be false, Mr. Blecker does not honor the convention among lawyers of noting the omission of the end of a sentence with an ellipsis. The full sentence, with the unacknowledged omission in italics, reads: "In messages dating back to May 2014 and continuing during the 2014-2015 season, McNally referred to himself as 'the deflator' *and the two discussed deflation using 'needles.'*" Opening Br. 11 (emphasis

added). As Appellants' corresponding record citations confirm, that statement is accurate in all respects: Mr. McNally referred to himself as "the deflator" in a text message in May 2014, and the two men discussed deflation using "needles" in other text messages during the 2014-2015 season. *See* JA170, 175.

Mr. Blecker next complains that Appellants urged the Court to confirm the Commissioner's evidentiary ruling regarding the Paul Weiss materials on the ground that "'Brady's counsel was present for many of the interviews'" during the League's investigation. Blecker Letter 2. In fact, Appellants merely relayed in the fact section of their opening brief that this is one of the four alternative grounds the Commissioner noted after denying the evidentiary request on the basis of the limited discovery authorized by the Collective Bargaining Agreement in conduct detrimental proceedings. *See* Opening Br. 16 (citing SPA 65-66). That statement is immaterial, as Appellants did not advance that ground in the brief's argument section, let alone assert it as a "primary justification" for affirming the Commissioner's evidentiary ruling. Blecker Letter 2. Instead, Appellants urged the Court to affirm that ruling on the principal ground identified by the Commissioner, *i.e.*, that the Commissioner's ruling was grounded directly in his interpretation of the CBA and thus entitled to deference in the courts. *See* Opening Br. 51-52; SPA64-65. At any rate, as Mr. Blecker himself notes, Appellees explained in their response brief exactly which interviews counsel for Mr. Brady and the NFLPA did and did not attend. *See* Response Br. 55 n.11. That kind of back and forth, not post-argument letters from putative *amici*, is how the adversarial process addresses factual disputes between the parties.

Mr. Blecker also claims that Appellants' representations regarding the results of the air pressure testing performed on the footballs during halftime of the AFC Championship Game were "misleading and deceptive." Blecker Letter 2. But Mr. Blecker himself concedes that the statements he identifies accurately report the testing results; he simply disagrees with the damaging inference that the Commissioner drew from those undisputed facts. Thus, by Mr. Blecker's own telling, there is no misstatement to correct. Moreover, as Mr. Blecker notes, he offered up his counter-explanation for those uncontroverted facts in his *amicus* brief, which is the mechanism the Rules provide for *amici* to bring argument to the Court's attention.

Finally, based on a "quote drawn from [his] notes" of the oral argument, Blecker Letter 3 n.4, Mr. Blecker accuses Appellants' counsel of having made misrepresentations regarding Mr. Brady's implausible explanation for his extensive and unprecedented conversations and meeting with Mr. Jastremski immediately after reports of ball tampering surfaced. In fact, counsel's statements were neither inaccurate nor misleading. Counsel explained at argument that the Commissioner found Mr. Brady's explanation that those communications related to the preparation of Super Bowl footballs not to be credible. Not only is that an accurate representation of the Commissioner's findings; the Commissioner's findings are an accurate reflection of Mr. Brady's testimony. As the Commissioner explained, "Mr. Brady testified that he was unable to recall any specifics of those discussions and he suggested that their principal subject was preparation of game balls for the Super Bowl." SPA49. And the Commissioner bolstered that

ruling with a direct quote from Mr. Brady's testimony: "In response to the question, 'Why were you talking to Mr. Jastremski in those two weeks?,' Mr. Brady responded, in sum: 'I think most of the conversations centered around breaking in the balls.'" *Id.* at n.6. To the extent Mr. Blecker seeks to draw a distinction between whether Mr. Brady said that his interactions with Mr. Jastremski were *exclusively* about Super Bowl preparation, or *primarily* about Super Bowl preparation but also included some discussion of the deflation allegations, that distinction is immaterial. The conclusion that the unprecedented discussions and meeting focused on the deflation allegations is the unhelpful inference that Mr. Brady's Super Bowl preparation explanation was designed to avoid. Thus, what is relevant is that the Commissioner rejected as not credible the only *innocent* explanation Mr. Brady offered. Such a finding not only is entitled to deference but underscores that Mr. Brady's credibility was front and center in the appeal before the Commissioner, which was the point of the colloquy at oral argument.

In sum, Mr. Blecker's accusations of material misrepresentations and ethical violations have no basis in fact. Appellants' counsel take their duty of candor to the Court extremely seriously. Mr. Blecker's own duty of candor might be thought to include the need to disclose that the highly unusual "Personal & Confidential" letter that somehow came into his possession was not from some disinterested observer, but from the New England Patriots' outside counsel. More to the point, the ethical rules and the Rules of this Court are designed to resolve legal disputes through the adversarial process, where parties and *amici* can test each other's arguments through briefing and argument. Post-argument letters quoting media articles and leveling unfounded ethical allegations play no proper part in that process and should have no bearing on the resolution of this appeal.

Sincerely,

Paul D. Clement
*Counsel for Appellants National Football League Management Council and National Football League*

## CERTIFICATE OF SERVICE

      I hereby certify that, on March 21, 2016, an electronic copy of the foregoing Letter was filed with the Clerk of Court using the ECF system. Two copies of the same were served via First Class U.S. Mail to Appellant Michelle McGuirk at the following address provided for that purpose:

      Michelle McGuirk
      P.O. Box 369
      New York, NY 10113

      s/Paul D. Clement
      Paul D. Clement

Date: March 21, 2016