**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 15-2801(L); 15-2805(Con)

Caption [use short title]

**Motion for:** Extension of Time

National Football League Management Council, et al.

v.

Set forth below precise, complete statement of relief sought:

Entry of 14-day extension of time to petition for rehearing and rehearing en banc.

National Football League Players Association, et al.

**MOVING PARTY:** NFL Players Association, Brady
☐ Plaintiff  ☐ Defendant
☐ Appellant/Petitioner  ☑ Appellee/Respondent

**OPPOSING PARTY:** NFL Management Council, NFL

**MOVING ATTORNEY:** Theodore B. Olson

**OPPOSING ATTORNEY:** Paul Clement

[name of attorney, with firm, address, phone number and e-mail]

Gibson, Dunn & Crutcher LLP

Bancroft PLLC

1050 Connecticut Avenue, NW, Washington, DC 20036

500 New Jersey Avenue, NW, Seventh Floor, Washington, DC 20001

(202) 955-8668; tolson@gibsondunn.com

(202) 234-0090; pclement@bancroftpllc.com

**Court-Judge/Agency appealed from:** SDNY - Judge Berman

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?  ☐ Yes ☐ No
Has this relief been previously sought in this Court?  ☐ Yes ☐ No
Requested return date and explanation of emergency:_____

Is oral argument on motion requested?  ☐ Yes ☑ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes ☑ No  If yes, enter date:_____

**Signature of Moving Attorney:**
_____ **Date:** Apr. 29, 2016    Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

Form T-1080 (rev. 12-13)

No. 15-2801 (L),
No. 15-2805 (CON)

———————————————

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

———————————————

NATIONAL FOOTBALL LEAGUE MANAGEMENT COUNCIL,
*Plaintiff-Counter-Defendant-Appellant*,

and

NATIONAL FOOTBALL LEAGUE,
*Defendant-Appellant*,

*v.*

NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION,
on its own behalf and on behalf of Tom Brady,
*Defendant-Counter-Claimant-Appellee*,

and

TOM BRADY,
*Counter-Claimant-Appellee.*

———————————————

**MOTION BY APPELLEES FOR EXTENSION
OF TIME TO FILE PETITION FOR PANEL REHEARING
AND REHEARING EN BANC**

Pursuant to Federal Rule of Appellate Procedure 26(b), Defendant-Appellee National Football League Players Association ("NFLPA") and Appellee Tom Brady (collectively, "Appellees") respectfully move this Court for a 14-day extension of time within which to file a petition for panel rehearing and rehearing en banc. Appellees have not previously requested an extension. Appellants have not determined their position on this motion at this time.

On April 25, 2016, this Court issued a published opinion in this case, reversing the district court's order vacating the NFL Commissioner's arbitral award and remanding with instructions to confirm the award. In particular, the majority held that the Commissioner had discretion to determine and impose player punishments under the collective bargaining agreement ("CBA") that governs the relationship between the National Football League ("NFL") and the more than 1600 players that participate in the League and are members of the NFLPA, the "Commissioner properly exercised his broad discretion" in issuing a four-game suspension for suspected football deflation, and the arbitral award should be affirmed. Slip Op. at 4-5. Appellees are currently evaluating that decision and considering a petition for panel rehearing or rehearing en banc. Absent an extension, any petition for rehearing or rehearing en banc would be due on May 9, 2016. *See* Fed. R. App. P. 35(c); Fed. R. App. P. 40(a)(1). If the requested extension is granted, any petition would be due on May 23, 2016.

Good cause exists for a 14-day extension in these proceedings for at least three reasons.

*First*, the Court's decision addresses important issues regarding the meaning and effect of the parties' CBA that will have serious consequences for each of the NFLPA's over 1600 members and the sport of professional football. Specifically, the majority's opinion addresses the scope of the Commissioner's authority to identify proscribed conduct and dispense penalties under the parties' CBA, as well as an arbitrator's procedural duties and substantive obligations to players appealing those penalties. The Court's opinion will affect the rights of every player in the NFL. Accordingly, the NFLPA and its members would benefit from additional time to analyze the implications of the decision for labor-management relations between the NFL and the NFLPA.

*Second*, the Court's decision raises significant labor law issues that could have far-reaching consequences for *all* employees subject to collective bargaining agreements. In particular, the opinion addresses the contours of an arbitrator's duty to consider and address probative terms under a collective bargaining agreement, and to consider and address the arguments raised by an employee subject to discipline under that agreement. These aspects of the Court's opinion are of great importance not only to NFL players, but to all unionized employees. Additional

2

time is necessary to evaluate these issues and, if necessary, to prepare a petition for rehearing that will appropriately aid the Court in evaluating the importance of further review.

*Third*, the NFLPA needs additional time to coordinate and consult with its leadership bodies and members. The NFLPA's Executive Committee is an 11-member body, while the Board of Player Representatives is comprised by 32 player representatives (one for each of the NFL's 32 teams) who have varying schedules and are geographically dispersed. A 14-day extension will ensure that the NFLPA has sufficient time to coordinate and consult with its membership.

*Finally*, while good cause exists to grant the requested extension, counsel avers that the extension request is not made for purposes of unnecessary delay, and Appellants will not be prejudiced if the extension is granted. The NFL regular season does not begin until September 2016.

For the foregoing reasons, Appellees respectfully submit that a 14-day extension of the due date for filing a petition for rehearing and rehearing en banc should be granted.

3

April 29, 2016                                    Respectfully submitted,

JEFFREY L. KESSLER                    THEODORE B. OLSON
DAVID L. GREENSPAN                   ANDREW S. TULUMELLO
Winston & Strawn LLP                    Gibson, Dunn & Crutcher LLP
200 Park Avenue                            1050 Connecticut Ave., N.W.
New York, NY 10166                      Washington, D.C. 20036
(212) 294-6700                              (202) 955-8500
jkessler@winston.com                     tolson@gibsondunn.com
                                                    atulumello@gibsondunn.com

STEFFEN N. JOHNSON                   DEMAURICE F. SMITH
Winston & Strawn LLP                    National Football League
1700 K Street, N.W.                           Players Association
Washington, D.C. 20006               1133 20th Street, N.W.
(202) 282-5000                              Washington, D.C. 20036
sjohnson@winston.com                    (202) 756-9136

*Counsel for Appellees*
*National Football League Players Association and Tom Brady*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of April, 2016, I caused the foregoing Motion for an Extension of Time to File a Petition for Panel Rehearing or Rehearing En Banc to be filed with the Clerk of the Court for the U.S. Court of Appeals for the Second Circuit via the Court's CM/ECF system.  I further certify that service was accomplished on all parties via electronic filing.

Theodore B. Olson